UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-12-418-2 |
| | § | |
| ALEJANDRO GARZA; aka GARZA ALEX | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GARZA'S MOTION TO REOPEN DETENTION AND AFFIRMING ORDER OF DETENTION PENDING TRIAL

An order of detention was entered in this case June 26, 2012, after defendant Alejandro Garza was permitted a full opportunity to be heard and to present evidence, testimony, and argument (D.E. 149). On July 9, 2012, defendant Garza moved to reopen the issue of detention, contending that he had evidence pertinent to the detention issues that was not available at the time of the June 26 hearing (D.E. 169).

Title 18, United States Code, Section 3142(f) states that:

> . . . The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). The government was opposed to reopening the hearing because according to the United States, the proffered "new" evidence was available at the time of

the original hearing. The government has correctly cited the law and the court is not required to reopen the matter of detention. Nevertheless, because of the seriousness of the allegations against the defendant, and the fact that the defendant is a United States citizen who turned himself in to authorities and has no criminal history, the defendant was permitted a second hearing to present additional evidence. The recording of the original hearing held on June 26, 2012, was also reviewed prior to entry of this order.

At the second hearing held on July 12, 2012, defendant Garza presented the testimony of a business associate Lamar Strong. Mr. Strong testified that he had done business, during the last fifteen years, with the defendant, who he understood was working for AJ Steel Company, a subcontracting steel fabricator owned by the defendant's sister Elsa Ruiz. Defendant was even granted security clearance to work on at least one sensitive construction project for the United States government. Defendant earned income from this employment. Although Mr. Strong's testimony clarified the confusion about whether the defendant had legitimate employment with AJ Steel Company, the new evidence created its own problems because the defendant failed to report any income from AJ Steel Company in his 2007 to 2009 tax returns. The defendant told Pretrial Services that he was an employee at AJ Steel, but during the search warrant served on his home, agents found loan applications where defendant claimed to be the owner of AJ Steel, and his sister only an employee.

Moreover, Mr. Strong testified about the defendant's travel to Mexico in 2011 connection with a business opportunity. At the original hearing there was evidence that the defendant had lied to Pretrial Services about his travel to Mexico, and after hearing

from Mr. Strong, it appears to be more likely that he intentionally withheld this information from Pretrial Services rather than that he simply forgot about a trip across the border.

Defendant Garza also presented the testimony of a character witness and friend Arnoldo Ochoa, who stated he believed Defendant would appear for future court proceedings. Finally Garza argued that his compliance with his bond conditions in a 2010 Laredo case proved that he would make court appearances. The court was aware of, and took into consideration at the original detention hearing, the defendant's compliance with his bond conditions in 2010.

In short the new evidence does not rebut the findings from the first detention hearing, nor does it address many of the issues that concerned the court. The defendant now faces a ten-year minimum mandatory sentence if convicted. The scope of the drug trafficking offenses against him has greatly expanded from a 2010 case involving a single load of marihuana. Evidence not available at the time of the 2010 case includes information that the defendant admitted he was working for one of the drug cartels in Mexico, he traveled to Mexico on at least one occasion in the last year and lied about it, the defendant had in his home at the time of his arrest firearms and ammunition which would penetrate Kevlar vests, the defendant paid legal fees for some of his co-conspirators in the past, the cooperating witnesses fear violent retaliatory acts by defendant, and the defendant possessed in his home documents and notes related to a large drug prosecution in the Beaumont Division. The defendant has not rebutted the presumption of nonappearance and danger to the community.

Accordingly, the findings entered on June 26, 2012, are affirmed, and the motion for release on bond (D.E. 169) is denied.

ORDERED this 16th day of July, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE